IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PARDRA GOMEZ LOCKETT                                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 5:10-cv-69-DCB-MTP

FEDERAL BUREAU OF PRISONS
and UNKNOWN WILLIAMS                                                              DEFENDANTS

**MEMORANDUM OPINION**

On April 20, 2010, the plaintiff filed a complaint and requested in forma pauperis status. An order [8] was entered on May 18, 2010, directing the plaintiff to file a written response on or before June 8, 2010.  The envelope [10] containing that order [8] was returned on May 26, 2010, by the postal service with a notation "undeliverable."  An order [13] was then entered on June 9, 2010, directing that a copy of the order [8], which had been returned, be mailed to the plaintiff at his new address which he provided in a notice of change of address [11] filed on May 27, 2010. The order [13] entered on June 9, 2010, directed the plaintiff to comply on or before June 24, 2010, with the order [8] entered on May 18, 2010.   The plaintiff was warned in this court's order [13] of June 9, 2010, as well as the orders [3 & 4] entered on April 20, 2010, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.  The plaintiff did not file a written response to the order [13] entered on June 9, 2010, and said order [13] has not been returned by the postal service.

When the plaintiff failed to comply with the order [13] entered on June 9, 2010, an order to show cause [14] was entered on July 12, 2010, directing the plaintiff once again to comply with the court's orders [ 8 & 13] on or before July 27, 2010.  The order to show cause [14] was mailed to the plaintiff at his last known address and directed the plaintiff to respond in a timely manner

or risk the dismissal of the instant civil action.  A review of the docket entries reveal that the plaintiff failed to file a response to the orders [8 & 13] as directed by the order to show cause [14] and there has been no returned mail.  As a result of the plaintiff failing to file a response, a final order to show cause [15] was entered on August 20, 2010.  The final order to show cause [15] directed the plaintiff to respond on or before September 10, 2010, warned him that this was his final opportunity to comply with the order [13] entered June 9, 2010, and his failure to comply would result in the dismissal of the instant civil action.  Once again, the plaintiff failed to comply.

      The plaintiff notified this Court of his change of address [11] on May 27, 2010.  However, this Court finds that he has not communicated with this Court since that time and he has failed to comply with the orders [8 &13] of this Court.  Therefore, this Court finds that plaintiff's failure to comply with the orders of this Court demonstrates that he lacks interest in pursuing this claim.

      This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action <u>sua</u> <u>sponte</u>.  <u>See</u> <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  <u>Link</u>, <u>supra</u>, 370 U.S. at 630.

      Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of

plaintiff's claims, the Court's order of dismissal will be without prejudice.  <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

     A final judgment in accordance with this Memorandum Opinion will be entered.

     This the  <u>29th</u>  day of  <u>September</u>, 2010.

                                   <u>s/David Bramlette</u>
                                   UNITED STATES DISTRICT JUDGE